Filed 6/4/15  P. v. Joachim CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DUANE SCOTT JOACHIM,<br><br>        Defendant and Appellant. | A140719<br><br>(Contra Costa County<br>Super. Ct. No. 51312354) |

Duane Scott Joachim appeals from a judgment upon a jury verdict finding him guilty of first degree residential burglary (Pen. Code,[1] §§ 459, 460, subd. (a) (count one)) and first degree residential robbery (§§ 211, 212.5, subd. (a) (count two)).  The jury also found the special allegation that the victim of the residential burglary was present during the commission of the offense and that the offense was a violent felony (§ 667.5, subd. (c)(21)) to be true.  In a bifurcated proceeding, the court found that defendant suffered a prior felony conviction and served a prior prison term (§ 667.5, subd. (b)).  The trial court imposed the upper term of six years on the robbery count, a one-year term for the prior prison term allegation, and an eight-month consecutive term for a conviction in a Sonoma County case (*People v. Joachim* (Super. Ct. Sonoma County, 2013, No. SCR617792)).  The court stayed the sentence on the burglary count pursuant to section 654, but did not impose a term on the count before staying it.  Defendant contends that the matter must be remanded to allow the court to impose a term on the burglary

---

[1] All further statutory references are to the Penal Code.

count, and that the abstract of judgment incorrectly reflects an upper term on the burglary offense.  We agree that the matter must be remanded to allow the court to exercise its sentencing discretion on the burglary count.  In addition, we direct the court to correct certain clerical errors in the abstract of judgment relating to the Sonoma County case.

## I.  FACTUAL BACKGROUND

The underlying facts leading to the jury's verdict are as follows:  On February 16, 2011, Catherine Woodward returned to her home in San Ramon at around 1:45 p.m.  She had locked the doors before she left, but had left the window in the downstairs office slightly open.  When she entered her house, her dog was barking ferociously, which was unusual.  She then heard a noise upstairs that sounded like someone was opening and closing drawers.  She thought it was her son and proceeded to go upstairs.  As she was walking up the stairs, defendant came out of her bedroom and ran towards her.  Woodward said, "[W]hat the fuck are you doing in my house?"  Defendant kept running toward her so she reached up to stop him and pushed his chest.  Defendant grabbed Woodward by the shoulders and slammed her hard against the wall.

Defendant ran out of the house toward the elementary school at the end of the street.  Woodward chased after him, screaming, "stop that man."  Officer Montemayor, who was parked across the street from the elementary school, saw defendant and Woodward running.  Montemayor detained defendant who was carrying a latex glove.  Montemayor testified that latex gloves are often used by burglars to prevent fingerprints from being found at the scene.

A police officer escorted Woodward to her home where she found a pillowcase full of things, including some of her jewelry on the floor of her bedroom.  The drawers of her dresser had been opened and most of her jewelry was missing.  In addition, approximately $100 that Woodward kept in her lingerie drawer was missing.

At sentencing, the court found that section 654 was applicable and chose the residential robbery conviction for imposition of the principal term.  The court imposed the upper term of six years on the robbery offense, reasoning that defendant had a long history of felony convictions, had suffered a prior prison term, had apparently made

criminal activity his profession, and hence the public needed to be protected from him. The court also cited the additional factors that defendant lied to the police and showed no remorse. The court stayed the sentence on the burglary conviction and imposed a one-year term for the prior prison term allegation. The court also imposed a consecutive sentence of eight months for a second degree burglary conviction from Sonoma County (*People v. Joachim* (Super. Ct. Sonoma County, 2013, No. SCR617792)) for a total term of seven years and eight months.[2] After imposing the sentence, the court inquired of the clerk whether there was anything else that needed to be addressed. The following colloquy occurred: "[THE CLERK]: Count [one] you did not identify whether he's getting the low, mid, or high term. [¶] [THE COURT]: The sentence is stayed under Penal Code Section 654. [¶] [THE CLERK]: On the Abstract it has to state. [¶] [THE COURT]: No sentence is going to be imposed on that count. [¶] [THE CLERK]: All right, sir. [¶] [THE COURT]: If I have to impose the sentence, I have to run it concurrently and I think I'm in the wrong. I cannot do that. [¶] [THE CLERK]: You tell me what it is then say it's stayed. [¶] [THE COURT]: You're saying that I have to select a sentence and then stay it, and I'm telling you under the law I can't do that. . . ."

## II. DISCUSSION

Defendant contends that the matter must be remanded to the trial court because the court, in staying the sentence on the first degree burglary count, failed to select a term. We agree.

Section 654 proscribes multiple punishment whenever more than one offense is committed during an indivisible course of conduct with a single objective.[3] In applying section 654, a "court must impose a sentence on all counts, but stay execution of sentence as necessary to prevent multiple punishment." (*People v. Alford* (2010) 180 Cal.App.4th

---

[2] Defendant was serving a four-year county jail term on the Sonoma County offense at the time of sentencing.

[3] Section 654 provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of a law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).)

1463, 1469 (*Alford*).) As explained in *Alford*, "[a] sentence must be imposed on each count, otherwise if the non-stayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain." (*Ibid.*) The failure to impose sentence on each count results in an unauthorized sentence. (*Id.* at p. 1472.)

Here, the court, not only did not impose a sentence on the stayed count of burglary, the abstract of judgment incorrectly states that a six-year term was imposed and stayed. Both errors require correction.

The Attorney General argues that we need not remand the matter because she opines that it is "highly likely that the court would have imposed an upper term on the burglary count if it had selected a term on that count." She relies on *Alford, supra,* 140 Cal.App.4th at page 1473. In *Alford*, the court imposed a mid-term sentence on the theft count, a count on which the trial court had failed to impose a sentence, reasoning that it was "undoubtedly" the sentence the court would have imposed. (*Id.* at p. 1473.) The court reasoned that a remand for a new sentencing hearing "would mean pulling defendant out of his prison programming and busing him to Woodland for a new sentencing hearing that will not change his actual prison time. The futility and expense of such a course militates against it. Instead, as requested by the Attorney General, we will exercise our authority to modify the judgment. (§ 1260.)" (*Ibid.*)

We decline the Attorney General's suggestion to impose the upper term on the burglary count. The record is not clear that the trial court would have done so. Instead, we remand the case to the trial court for the sole purpose of imposing sentence on the burglary count. We are mindful of the time and expense associated with conducting a hearing that will not change defendant's prison time (*Alford, supra,* 180 Cal.App.4th at p. 1473, citing § 1260), but in the absence of any expression of the court's intent and in view of comments at the sentencing hearing reflecting that the court misunderstood the scope of its discretion, we decline to exercise our authority to modify the judgment to impose a term on the burglary count ourselves. We also note that unlike *Alford*, where the court imposed the mid-term on the unsentenced theft count, here the Attorney General

4

is requesting that we impose an aggravated term on the burglary count, a decision which requires the exercise of judicial discretion in sentencing. (§ 1170, subd. (b).)

Defendant also contends that the abstract of judgment must be modified to correct two clerical errors relating to the Sonoma County case—the abstract incorrectly states that defendant was convicted of second degree *robbery* instead of second degree *burglary* and it states that the upper term was imposed instead of the mid-term that the court selected. The Attorney General concedes the errors and the record substantiates that defendant was convicted of burglary and that the court imposed the mid-term. Where there is a discrepancy between the abstract of judgment and the court's oral pronouncement of judgment, the latter controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We direct the trial court to modify the abstract of judgment to correct the two clerical errors.

## III. DISPOSITION

The matter is remanded to the trial court with directions to impose and stay the term on the first degree burglary conviction (count one). The court is further directed to correct the clerical errors in the abstract of judgment regarding the Sonoma County case (*People v. Joachim* (Super. Ct. Sonoma County, 2013, No. SCR617792)) to state that defendant was convicted of second degree burglary and that the mid-term was imposed. The trial court shall forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

5

_____
Rivera, J.

We concur:


_____
Reardon, Acting P.J.


_____
Streeter, J.

6